IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**TRINA M.,**

    **Plaintiff,**

v.                              Case No.: 2:25-cv-00209

**FRANK BISIGNANO,
Commissioner of the
Social Security Administration,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

    This action seeks review of the decision of the Commissioner of Social Security ("Commissioner") denying Claimant's application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. The matter is assigned to the Honorable Irene C. Berger, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

    Presently pending before the Court are the parties' briefs seeking judgment on the pleadings. (ECF Nos. 4, 5, 6). The undersigned has fully considered the administrative record and the arguments of counsel. For the reasons set forth below, the undersigned **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**, and this action **DISMISSED**.

1

I. **Procedural History**

On December 6, 2021, Claimant protectively filed an application for DIB, alleging disability beginning on April 5, 2021. (Tr. 36, 183–85, 188–89, 243). The claim was denied initially on March 3, 2022, and upon reconsideration on May 16, 2022. (Tr. 82, 90). Claimant, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on October 30, 2023. (Tr. 57–74). A vocational expert also testified. (Tr. 70–73). In a decision dated February 20, 2024, the ALJ found that Claimant was not disabled within the meaning of the Social Security Act. (Tr. 36–51). Claimant requested review of the ALJ's decision, but the Appeals Council denied the request on January 28, 2025. (Tr. 1–4). Accordingly, the ALJ's decision became the final decision of the Commissioner.

Claimant timely filed the present civil action, seeking judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 1). The Commissioner filed a Transcript of the Administrative Proceedings. (ECF No. 3). Claimant thereafter filed a Brief seeking judgment on the pleadings, (ECF No. 4), and the Commissioner filed a Brief in Support of Defendant's Decision, (ECF No. 5), to which Claimant filed a reply, (ECF No. 6). Consequently, the matter is fully briefed and ready for resolution.

II. **Claimant's Background**

Claimant was 60 years old on her alleged onset date, placing her in the category of an individual closely approaching retirement age during the relevant period. (Tr. 188, 243); *see* 20 C.F.R. § 404.1563(e). Claimant has a high school education and completed dental assistant training. (Tr. 244). Her past relevant work includes employment as a dental assistant, as well as a composite job involving dental assisting and pre-certification duties. (Tr. 225, 234, 244, 266–67).

**III.   Summary of ALJ's Decision**

Under 42 U.S.C. § 423(d)(5), a claimant seeking disability benefits has the burden of proving a disability. *See Blalock v. Richardson,* 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a five-step sequential evaluation process for the adjudication of disability claims. If an individual is found "not disabled" at any step of the process, further inquiry is unnecessary, and benefits are denied. 20 C.F.R. § 404.1520. The first step in the sequence is determining whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, then the second step requires a determination of whether the claimant suffers from a severe impairment. *Id.* § 404.1520(c). If severe impairment is present, the third inquiry is whether this impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4 (the "Listing"), found at 20 C.F.R § Pt. 404, Subpt. P, App. 1. *Id.* § 404.1520(d). If the impairment does, then the claimant is found disabled and awarded benefits.

However, if the impairment does not meet or equal a listed impairment, the adjudicator must determine the claimant's residual functional capacity ("RFC"), which is the measure of the claimant's ability to engage in substantial gainful activity despite the limitations of his or her impairments. *Id.* § 404.1520(e). After making this determination, the fourth step is to ascertain whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(f). If the impairments do prevent the performance of past relevant work, then the claimant has established a *prima facie* case

of disability, and the burden shifts to the Commissioner to demonstrate, as the fifth and final step in the process, that the claimant is able to perform other forms of substantial gainful activity, when considering the claimant's remaining physical and mental capacities, age, education, and prior work experiences. 20 C.F.R. § 404.1520(g); *see also McLain v. Schweiker,* 715 F.2d 866, 868-69 (4th Cir. 1983). The Commissioner must establish two things: (1) that the claimant, considering his or her age, education, skills, work experience, and physical shortcomings has the capacity to perform an alternative job, and (2) that this specific job exists in significant numbers in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

When a claimant alleges a mental impairment, the SSA "must follow a special technique at each level in the administrative review process," including the review performed by the ALJ. 20 C.F.R. § 404.1520a(a). Under this technique, the ALJ first evaluates the claimant's pertinent signs, symptoms, and laboratory results to determine whether the claimant has a medically determinable mental impairment. *Id.* § 404.1520a(b). If an impairment exists, the ALJ documents such findings. Second, the ALJ rates and documents the degree of functional limitation resulting from the impairment according to criteria specified in 20 C.F.R. § 404.1520a(c). Third, after rating the degree of functional limitation from the claimant's impairment(s), the ALJ determines the severity of the limitation. *Id.* § 404.1520a(d). A rating of "none" or "mild" in the four functional areas of understanding, remembering, or applying information; (2) interacting with others; (3) maintaining concentration, persistence, or pace; and (4) adapting or managing oneself will result in a finding that the impairment is not severe unless the evidence indicates that there is more than minimal limitation in the claimant's ability to do basic work activities. *Id.* § 404.1520a(d)(1). Fourth, if the claimant's impairment is

4

deemed severe, the ALJ compares the medical findings about the severe impairment and the rating and degree and functional limitation to the criteria of the appropriate listed mental disorder to determine if the severe impairment meets or is equal to a mental disorder described in the Listing. *Id.* § 404.1520a(d)(2). Finally, if the ALJ finds that the claimant has a severe mental impairment, which neither meets nor equals a listed mental disorder, the ALJ assesses the claimant's residual mental functional capacity. *Id.* § 404.1520a(d)(3). The regulations further specify how the findings and conclusion reached in applying the technique must be documented by the ALJ, stating:

> The decision must show the significant history, including examination and laboratory findings, the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each functional areas described in paragraph (c) of this section.

20 C.F.R. § 404.1520a(e)(4).

Here, the ALJ found as a preliminary matter that Claimant met the insured status requirements for DIB through December 31, 2026. (Tr. 39, Finding No. 1). At step one, the ALJ determined that Claimant had not engaged in substantial gainful activity since April 5, 2021, the alleged onset date. (Tr. 39, Finding No. 2). At step two, the ALJ found that Claimant had the following severe impairments: status-post Whipple procedure for intraductal papillary mucinous neoplasm, chronic biliary pancreatitis, diabetes mellitus, gastroparesis, neuropathy, and osteoarthritis. (Tr. 39, Finding No. 3). The ALJ also found that Claimant had the non-severe mental impairment of unspecified depressive disorder, which resulted in no more than mild limitations in the four broad areas of mental functioning. (Tr. 40–41).

At step three, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 41,

5

Finding No. 4). Before proceeding to step four, the ALJ assessed Claimant's RFC and found that Claimant could perform light work with additional postural and environmental limitations, but no mental functional limitations. (Tr. 42, Finding No. 5). At step four, based on the RFC and vocational expert testimony, the ALJ determined that Claimant could perform her past relevant work as a dental assistant as the job is generally performed. (Tr. 50, Finding No. 6; Tr. 70–71). Accordingly, the ALJ concluded that Claimant was not disabled. (Tr. 51, Finding No. 7).

### IV.     Claimant's Challenge to the Commissioner's Decision

Claimant contends that the ALJ committed reversible error by finding at step two that she had mild limitations in mental functioning, yet failing to either incorporate corresponding mental limitations into the RFC or explain why such limitations were omitted. (ECF No. 4 at 3–15). In support of this argument, Claimant relies on *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), as well as decisions from other circuits, including *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013). (*Id.* at 6–14).

In response, the Commissioner asserts that the ALJ properly evaluated Claimant's mental impairment under the psychiatric review technique and reasonably concluded that it was non-severe and resulted in no work-related functional limitations. (ECF No. 5 at 3–11). The Commissioner argues that Fourth Circuit precedent does not impose a *per se* rule requiring mild paragraph B findings to be included in the RFC and that the ALJ's explanation permits meaningful judicial review. (*Id.*).

In her reply, Claimant maintains that the Commissioner mischaracterizes her argument and reiterates that she is not advocating for a categorical rule. (ECF No. 6 at 1–5). Claimant argues instead that the ALJ's decision is deficient because it fails to explain how the mild mental limitations identified at step two were accounted for—or why they

6

were not included—in the RFC assessment. (*Id.*).

## V. Relevant Evidence

The undersigned thoroughly examined the entire administrative record. The evidence that is most pertinent to Claimant's challenge is summarized below.

### A. Treatment Records

The record reflects minimal mental health treatment during the relevant period. Claimant did not receive ongoing psychiatric or psychological treatment and was not treated by a mental health specialist. Mental findings were recorded incidentally during treatment for physical conditions, rather than in the context of mental health evaluation or treatment. During these encounters, providers consistently noted normal mood, affect, behavior, thought content, judgment, and cognition. (Tr. 412–14, 436, 612, 731). Although Claimant occasionally reported depressive symptoms during treatment visits, those subjective reports were not accompanied by abnormal mental status findings or the imposition of functional restrictions by treating providers. (Tr. 410–11, 458). No treating or examining medical source assessed mental work-related limitations.

### B. Prior Administrative Findings

State agency psychological consultants at the initial and reconsideration levels concluded that Claimant's mental impairment was non-severe and resulted in no more than mild limitations in mental functioning. (Tr. 78–79, 87–88). Neither expert assessed mental RFC limitations.

### C. Hearing Testimony

During the administrative hearing, Claimant testified regarding physical symptoms and limitations, including abdominal pain, fatigue, neuropathy, and difficulty standing and walking. (Tr. 60–68). Claimant's hearing testimony focused on physical

7

symptoms and limitations, and she did not describe mental symptoms resulting in work-related functional limitations affecting her concentration, understanding, persistence, social interaction, or ability to tolerate work-related stress. (Tr. 57–74).

### D. Vocational Evidence

The vocational expert testified that an individual with Claimant's assessed RFC could perform Claimant's past relevant work as a dental assistant as the job is generally performed. (Tr. 70–71).

## VI. Scope of Review

The issue before the Court is whether the final decision of the Commissioner is based upon an appropriate application of the law and is supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In *Blalock v. Richardson*, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") defined "substantial evidence" to be:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

483 F.2d 773, 776 (4th Cir. 1973) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). When examining the Commissioner's decision, the Court does not conduct a *de novo* review of the evidence to ascertain whether the claimant is disabled. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Instead, the Court's role is limited to insuring that the ALJ followed applicable Regulations and Rulings in reaching his or her decision, and that the decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456. If substantial evidence exists, the Court must affirm the Commissioner's decision "even should the court disagree

with such decision." *Blalock*, 483 F.2d at 775.

## VII. Discussion

An ALJ must consider all medically determinable impairments, including non-severe impairments, when formulating a claimant's RFC. 20 C.F.R. §§ 404.1523(c), 404.1545(a)(2). When a mental impairment is present, the ALJ must apply the psychiatric review technique and rate the degree of limitation in the four broad areas of mental functioning. 20 C.F.R. § 404.1520a(c). However, a finding of mild limitation under the psychiatric review technique does not automatically translate into work-related functional limitations that must be reflected in the RFC. 20 C.F.R. § 404.1520a(d)(1). Paragraph B ratings describe broad areas of mental functioning and do not correspond directly to specific work-related functions. The RFC assessment instead focuses on the claimant's capacity to perform specific work-related activities on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1.

Here, the ALJ found that Claimant's unspecified depressive disorder resulted in no more than mild limitations in mental functioning and did not cause more than a minimal limitation in Claimant's ability to perform basic work-related activities. (Tr. 40–41). Claimant does not challenge these findings. As summarized in the Relevant Evidence section, the record reflects minimal mental health treatment, consistently normal mental status findings, and no medical opinion imposing mental work-related limitations. (Tr. 410–14, 436, 458, 612, 731). Claimant's hearing testimony focused on physical symptoms and limitations, and she did not describe mental symptoms resulting in work-related functional limitations. (Tr. 57–74). Notably, Claimant identifies no specific mental functional limitation supported by the record that would have affected her ability to perform her past relevant work.

9

The Fourth Circuit has expressly rejected a categorical rule requiring Paragraph B findings to be incorporated into the RFC. *Shinaberry v. Saul*, 952 F.3d 113, 121–22 (4th Cir. 2020). The proper inquiry is whether the ALJ's decision, read as a whole, permits meaningful judicial review. *Owens v. Kijakazi*, No. 22-1273, 2023 WL 2344224, at *3 (4th Cir. Mar. 3, 2023). Courts therefore examine whether the ALJ adequately explained why identified mental limitations do or do not result in functional restrictions affecting the claimant's ability to work.

In the present matter, the ALJ clearly satisfied that obligation. The ALJ explained that Claimant alleged disability due solely to physical impairments, testified only to physical limitations at the administrative hearing, had no mental health treatment during the relevant period, and consistently demonstrated normal psychiatric findings during medical examinations. (Tr. 40–41, 50). The ALJ further noted that no treating, examining, or reviewing medical source identified mental functional limitations warranting RFC restrictions. (Tr. 40–41). Courts within this District have repeatedly found such explanations sufficient where the record reflects minimal mental health findings and no evidence of work-related mental limitations. *Deanna S. v. Dudek*, No. 2:24-cv-00358, 2025 WL 1510659, at *7 (S.D.W. Va. May 7, 2025), adopted, 2025 WL 1507022.

Claimant's reliance on *Wells v. Colvin*, 727 F.3d 1061 (10th Cir. 2013), is misplaced. In *Wells*, the Tenth Circuit remanded because the ALJ determined at step two that the claimant's mental impairment was non-severe and, on that basis, declined to consider the impairment when assessing the claimant's RFC. In this case, by contrast, the ALJ expressly considered Claimant's unspecified depressive disorder, applied the psychiatric review technique, and explained that the impairment resulted in no more than mild

limitations that did not translate into work-related functional restrictions. (Tr. 40–41). The Fourth Circuit has declined to adopt *Wells*' procedural approach and instead requires a functional analysis focused on whether the ALJ adequately explained why identified mental limitations do or do not result in RFC restrictions. *Shinaberry*, 952 F.3d at 121–22; *Thomas v. Berryhill*, 916 F.3d 307, 311–12 (4th Cir. 2019); *Owens*, 2023 WL 2344224, at *3. Courts within this District have consistently applied that standard and rejected *Wells*-based arguments where, as here, the ALJ considered the mental impairment and reasonably explained why it did not result in RFC limitations. *Linda S. v. O'Malley*, No. 2:24-cv-00050, 2024 WL 5515753, at *9 (S.D.W. Va. May 30, 2024), adopted, 2025 WL 942843; *Angela C. v. Kijakazi*, No. 2:22-cv-00333, 2023 WL 3471006, at *6–7 (S.D.W. Va. May 15, 2023).

Finally, substantial evidence supports the ALJ's determination that Claimant could perform her past relevant work as a dental assistant as it is generally performed. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). At step four, the burden remained with Claimant to demonstrate functional limitations precluding her past relevant work, and Claimant has not identified any mental limitation—supported by medical opinion or testimony—that would alter the RFC or the ALJ's step-four determination. Even assuming *arguendo* that the ALJ's explanation could have been more detailed, remand is unwarranted because Claimant has failed to demonstrate prejudice. Claimant identifies no mental functional limitation supported by the record that would alter the RFC or the ALJ's step-four determination, and reviewing courts may not presume prejudice from an alleged procedural deficiency. *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009); *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015).

Accordingly, the undersigned **FINDS** that the ALJ committed no legal error and

that, in any event, Claimant has failed to demonstrate prejudice warranting remand.

### VIII. Proposal and Recommendations

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings herein and **RECOMMENDS** that the District Judge **DENY** Plaintiff's request for judgment on the pleadings, (ECF No. 4); **GRANT** Defendant's request to affirm the decision of the Commissioner, (ECF No. 5); and **DISMISS** this action from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Judge and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger, and Magistrate Judge Reeder.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED:** January 5, 2026

_____
Joseph K. Reeder
United States Magistrate Judge